UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD SILVERMAN and VICTORIA SILVERMAN,

        Plaintiffs,

   -against-

HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK d/b/a HFC, HSBC FINANCE CORPORATION, successor in interest by acquisition to Household Finance Corporation, HSBC NORTH AMERICAN HOLDINGS, INC., "JOHN DOE 1 TO JOHN DOE 10" (names being fictitious, the persons or parties intended to be the persons, parties, corporation or entities, having or claiming an interest in or lien upon the mortgaged premises described in the complaint), and "JOHN DOE 11 TO JOHN DOE 20" (names being fictitious, the person, parties intended to be the persons, parties, corporations or entities, who were or are investors, servicers, lenders, mortgagors, or hold other similar interest in the mortgaged premises described in the complaint),

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

12-CV-3559

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 05 2013   ★

LONG ISLAND OFFICE

APPEARANCES:

Joseph A. Chang & Associates, LLC
By: Joseph D. Turano, Esq.
951 Madison Avenue,
Paterson, New Jersey 07501
Attorneys for Plaintiffs

Greenberg Traurig LLP
By:   Eric N. Whitney, Esq.
       Seth M. Kruglak, Esq.
200 Park Avenue
New York. NY 10166
Attorneys for Defendants Household Finance Realty Corporation of New York, HSBC Finance Corporation and HSBC North America Holdings Inc.

WEXLER, District Judge:

Plaintiffs Richard and Victoria Silverman ("Plaintiffs" or the "Silvermans") bring this action containing sixteen (16) claims alleging violations of the New York General Business Law, breach of contract, fraud, negligence and numerous other violations of real property and banking laws, in connection with a refinancing loan on their property. Defendants Household Finance Realty Corporation of New York d/b/a HFC ("HFC"), HSBC Finance Corporation ("HSBC Finance") and HSBC North America Holdings Inc. ("HSBC America") (collectively, the "Defendants") move to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons that follow, Defendants' motion is granted, and Plaintiffs are granted leave to amend their complaint to replead their breach of contact, fraud and fraud in the inducement claims.

## BACKGROUND

### I. Factual Background

According to the facts outlined in Plaintiffs' complaint, Plaintiffs Richard and Victoria Silverman (the "Silvermans" or "Plaintiffs") own a home at 58 Wells Road, Greenlawn, New York 11740. On February 25, 2008, they applied to refinance their home mortgage loan with HFC, which held the prior mortgage on the Silverman's home. Ultimately, HFC refinanced the Plaintiffs' loan, and consolidated it with the prior mortgage. On March 19, 2008, at the closing, Plaintiffs executed various mortgage note and related documents. Following the closing, HFC was acquired by HFBS Finance, which was then acquired by or merged with HSBC America.

In their complaint, Plaintiffs claim that when they executed the mortgage note, the debt to income ratio exceeded the level necessary for the loan to be affordable to them, that HFC mislead the Silvermans into thinking that the loan was affordable, and allowed the Silvermans to take on a loan they could not afford, thus damaging Plaintiffs. Plaintiffs further allege that Defendants engaged in "loan-flipping," provided a loan with no real benefit to Plaintiffs, and when the loan became too expensive to repay, encouraged Plaintiffs to pursue modification activities of default or partial default activities, knowing that such modifications would not be approved. Plaintiffs claim to be financially damaged and in danger of losing their home to foreclosure.

Plaintiffs' complaint was filed in Queens County Supreme Court on June 5, 2012, and was removed to this court on July 18, 2012. Defendants move to dismiss all claims in the complaint.

## DISCUSSION

### I. Legal Principles

#### A. Standards on Motions to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief

that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

## II. The Present Motion

### A. Plaintiffs' Abandoned Claims

As noted above, Plaintiffs' complaint alleges a total of sixteen (16) causes of action. Defendants move to dismiss each of these claims. See Memorandum of Law in Support of Defendants' Motion to Dismiss, at 2-24. In response to Defendants' motion, Plaintiffs only defend five (5) of their claims: the two claims under N.Y. General Business Law § 349(a), the breach of contract claim, and the fraud and the fraud in the inducement claims. See Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss, at 2-10. Since Plaintiffs fail to oppose Defendants' arguments that the other eleven (11) claims should be dismissed, the court deems them abandoned and grants Defendants' motion as to those claims. See Reid v. Ingerman Smith LLP, 876 F.Supp.2d 176, 186 (E.D.N.Y. 2012) citing Arma v. Buyseasons, Inc., 591 F.Supp.2d 637, 643 (S.D.N.Y.2008) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.")(citation and quotation marks omitted). The court will now turn its attention to the five claims remaining.

### B. N.Y. General Business Law § 349(a) Claims

Plaintiffs assert two claims under N.Y. Gen. Bus. Law § 349(a) -- that Defendants

mislead the Plaintiffs (1) by allowing them to take a loan that Defendants should have known was unaffordable to them; and (2) by advising Plaintiffs to make trial payments less than required under the original mortgage while awaiting a determination of their loan modification application. See Plaintiffs' Complaint, ("Pl. Cmplt"), ¶34-48. Defendants argue that Plaintiffs' claims are time-barred, do not allege misleading conduct that is consumer-oriented as required by this claim, and that Plaintiffs fail to allege any damage.

1. The Legal Principles

N.Y. General Business Law § 349(a) declares unlawful any "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." Any person who has been injured by such a violation can pursue a private claim. N.Y. General Business Law § 349(h). Section 349(a) claim requires plaintiffs to prove that "(1) the challenged act or practice was consumer oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiffs suffered injury as a result of the deceptive act." Lebowitz v. Dow Jones and Co., 508 Fed.Appx. 83, 85 (2d Cir. 2013), citing Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000) (citation omitted).

The gravamen of such a claim is that the offending conduct be directed against the consuming public, and not a "single-shot transaction" or between sophisticated corporate parties. As stated by the New York Court of Appeals, "[c]onsumer-oriented conduct does not require a repetition or pattern of deceptive behavior. The statute itself does not require recurring conduct. ... [Plaintiff] instead must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute. Oswego Laborers' Local 214 Pension Fund v. Marine Midland

Bank, N.A., 85 N.Y.2d 20, 25, 647 N.E.2d 741, 745 (1995) (emphasis added).

Furthermore, a plaintiff asserting a claim under §349(a) must also allege an actual misrepresentation or omission that is misleading to a reasonable consumer. Goshen v Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 324, 746 N.Y.S.2d 858, 863 (2002); Corsello v. Verizon New York, Inc., 77 A.D.3d 344, 365, 908 N.Y.S.2d 57, 75 (2d Dep't 2010), modified on other grounds, 18 N.Y.3d 777, 967 N.E.2d 1177 (2012).

2. Disposition of the Motion

The court finds that the Plaintiffs have failed to show that Defendants' allegedly deceptive conduct is consumer-oriented as required under §349(a). Plaintiffs' allegations are specific to them and their individual real estate transaction. Their claims derive from the particular circumstances of this loan, namely, whether their unique debt to income ratio was appropriate, and whether the nature of any advice allegedly given them regarding how to proceed during the loan modification application process was misleading. In response, Plaintiffs argue that the mortgage crisis effected a large number of home loans made during this time and therefore their claim is consumer-oriented. But the allegedly deceptive practices to support the claim here – concerning Plaintiffs' debt to income ratio and trial default payments made – are specific to Plaintiffs, and do not universally apply to other mortgages or impact the public at large. See Hayrioglu v. Granite Capital Funding, LLC, 794 F.Supp.2d 405, 410 (E.D.N.Y. 2011) (plaintiff's §349(a) claim that he was misled to take a loan he could not afford is not consumer-oriented and fails)(citations omitted); Sheehy v. New Century Mortg. Corp., 690 F.Supp.2d 51, 74-75 (E.D.N.Y. 2010) (stating that courts have generally only found §349(a) applicable to real estate transactions that have solicited the general public, and that plaintiff's claim that she was

misled to participate in a real estate transaction was not consumer-oriented and dismissed)(string citation omitted); Choi v. Korea First Bank of New York, 244 A.D.2d 236, 237, 664 N.Y.S.2d 437, 438 (1st Dept. 1997) (no valid §349(a) claim where alleged deceptive practice of altering a second mortgage was not recurring or harmful to the public at large); Canario v. Gunn, 300 A.D.2d 332, 333, 751 N.Y.S.2d 310, 312 (2d Dept. 2002) (single real estate transaction does not impact public at large and cannot sustain claim under §349(a)).

While the absence of any consumer-oriented conduct is fatal to Plaintiffs' claim, then court also notes that since Plaintiffs signed and executed all the relevant documents, it is unclear how there was materially misleading statements as required by the second prong of a claim under 349(a). See Hayrioglu, 794 F.Supp.2d 405, 411 (E.D.N.Y. 2011) (plaintiff signed all the loan documents regarding what his monthly payment would be and cannot claim to be misled); Emigrant Mortg. Co., Inc. v. Fitzpatrick, 95 A.D.3d 1169, 1172, 945 N.Y.S.2d 697, 701 (2d Dept. 2012) (no counterclaim under 349(a) when borrower was presented with clear documents concerning terms of the loan)(citations omitted); Owens v. Aspen Funding LLC, 2011 WL 4024820, *12 (W.D.N.Y. 2011) (no claim under § 349(a) when information plainly disclosed on closing documents) (citations omitted). Accordingly, Defendants' motion to dismiss Plaintiffs' claims under N.Y. Gen. Bus. Law §349 is granted.[1]

C. Breach of Contract Claim

Plaintiffs' eighth cause of action is for breach of contract, alleging in a lengthy paragraph that Defendants breached by, *inter alia*, engaging in "loan-flipping," refinancing Plaintiff's loan

---

[1] In light of these findings, the court finds it unnecessary to address Defendants' additional arguments that these claims are untimely and fail to allege damages.

without any benefit to Plaintiffs, charging numerous fees, and engaging in modification and self-dealing activities. See Pl. Cmplt., ¶80-84.

The elements required to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages. Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 264 (2d Dept. 2011). To survive a motion to dismiss, a plaintiff must specifically allege the agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached. Abraham v. American Home Mortg. Servicing, Inc., 2013 WL 2285205, *10 (E.D.N.Y. 2013), quoting Valentini v. Citigroup, Inc., 837 F.Supp.2d 304, 327 (S.D.N.Y.2011).

Here, Plaintiffs' complaint does not indicate what agreement existed between the parties and how it was breached. As a result, Plaintiffs have failed to adequately plead a claim for a breach of contract. See Abraham v. American Home Mortg. Servicing, Inc., at *10. Thus, the court grants Defendants' motion to dismiss Plaintiffs' breach of contract claim. Pursuant to Fed. Rules Civ. Pro., Rule 15(a)(2), the court also hereby grants Plaintiffs leave to amend the complaint for a breach of contract claim, to be filed within thirty (30) days of this order.

D.     Fraud Claims

Plaintiffs' complaint also contains claims for fraud and fraud in the inducement. Essentially, Plaintiffs allege, *inter alia,* that Defendants made "false representations and/or omissions" that the claiming the loan would provide a benefit to Plaintiffs when it did not, that the loan was supported by the market value of the property and/or the income of the Plaintiffs when it could not be, and that Defendants engaged in improper modification activities. See Pl.

-8-

Cmplt., ¶90-95. The complaint repeats these same allegations in support of the fraud in the inducement claim. See Pl. Cmplt., ¶96-101.

1. The Legal Principles

    a. Fraud

To state a cause of action for common law fraud in New York, a plaintiff must allege facts showing: "[1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir.2009) (citations omitted).

As the Second Circuit has recently stated, "[a]llegations of fraud are subject to a heightened pleading standard. When alleging fraud, 'a party must state with particularity the circumstances constituting fraud,' Fed.R.Civ.P. 9(b), which we have repeatedly held requires the plaintiff to '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Nakahata v. New York-Presbyterian Healthcare System, Inc., 2013 WL 3743152, *3 (2d Cir. 2013), quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993) (citing Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989)); see also Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85, 88 (2d Cir.1999).

    b. Fraud in the Inducment

To state a claim for fraud in the inducement, the party must allege: (i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable

reliance on the misrepresentation by appellants; and (iv) resulting damages. Johnson v. Nextel Communications, Inc., 660 F.3d 131, 143 (2d Cir. 2011), citing Ross v. Louise Wise Servs., Inc., 8 N.Y.3d 478, 488, 836 N.Y.S.2d 509, 868 N.E.2d 189 (2007). Like a conventional fraud claim, the plaintiff must specifically allege the facts, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue. See Johnson, at 143; Fed. Rules. Civ. Pro., Rule 9(b).

2. Disposition of the Motion

Neither Plaintiffs' fraud claim nor the fraud in the inducement claim are plead with the specificity required under the federal rules or the caselaw. Beyond vaguely describing that Defendants "made false representations and/or omissions to the Plaintiffs," the complaint does not specify any statements, speakers, times or places. Therefore, Defendants' motion to dismiss the fraud and the fraud in the inducement claims are granted. Plaintiffs are hereby granted leave to amend their complaint to replead these claims, within thirty (30) days of the date of this order.

CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted. Plaintiffs are hereby granted leave to amend their complaint to replead their claims for breach of contract, fraud and fraud in the inducement claims within thirty (30) days of the date of this order.

SO ORDERED.

           s/ LeonardD. Wexler
           _____
           LEONARD D. WEXLER
           UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
    August 5, 2013